STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 173-12-14 Vtec

| | |
|---|---|
| Remaniak Permit (Garage) | DECISION ON MOTION |

The pending motion concerns an application by Donald Remaniak for a zoning permit to build a garage on his property at 18 North Pond Road in Salisbury, Vermont.  The Town of Salisbury Zoning Administrator (ZA) approved Mr. Remaniak's application, and several of Mr. Remaniak's neighbors appealed that decision to the Town of Salisbury Development Review Board (DRB).  The DRB affirmed the ZA's permit approval.  Two of Mr. Remaniak's neighbors—Wight and Allyson Manning—appealed that decision to this Court.[1]  Appellants are represented by Attorney Katelyn Ellermann.  Mr. Remaniak is self-represented.

On October 6, 2015, Appellants moved for summary judgment on Questions 2 and 4 of their amended Statement of Questions, filed April 23, 2015, which ask whether Mr. Remaniak's proposed garage is an "accessory use or building" and whether it is a permitted use under the Town of Salisbury Unified Development Regulations (Regulations).   These issues are dispositive in this appeal.

Mr. Remaniak did not respond to the motion in any way until November 20, 2015—two weeks after the response deadline had passed—when he called to advise the Court that he was having difficulty responding to the motion.[2]  He then filed a written motion for enlargement of time, which the Court granted on November 25, 2015.  The Court gave Mr. Remaniak until

---

[1] Janet Dilworth, William Dilworth, Theo Fuller-Lowell, Kenneth Manchester, Elwood Martin, Pamela Martin, Diane Smith, Wayne Smith, and Sigrid Valkenburg are all interested parties in this appeal.  The Town of Salisbury has elected not to participate in this matter.

[2] This non-responsiveness has typified Mr. Remaniak's participation in this matter.  Mr. Remaniak missed the initial pre-trial conference, which took place on April 13, 2015, though he later advised the Court that he had technical difficulties with the phone conferencing system.  Mr. Remaniak also missed the follow-up status conference, which took place on May 18, 2015. Mr. Remaniak did not respond in a timely manner to Appellants' discovery requests, and the Court granted a motion to compel discovery on October 7, 2015.

December 23, 2015 to file a responsive motion.  During the early pre-trial stage of this matter, the Court warned Mr. Remaniak that he had burdens of production throughout this appeal and that he would be required to provide the Court with evidence to establish that his project complied with the Town's regulations.  Even with the Court's clear warning, to date, Mr. Remaniak has not responded to the motion for summary judgment.

The Court will grant a motion for summary judgment if the movant has shown that there are no disputes of material fact and that it is entitled to judgment as a matter of law.  V.R.C.P. 56(a).  In reviewing a motion for summary judgment, we give the nonmovant the benefit of all reasonable doubts and inferences.  Greene v. Stevens Gas Serv., 2004 VT 67, ¶ 9, 177 Vt. 90.  The nonmovant cannot rest on the allegations in its pleadings, however, but must set forth specific facts showing that there is a genuine dispute.  Id.  If a nonmovant does not respond to a motion for summary judgment, the Court may treat the movant's statement of facts as undisputed and grant summary judgment to the movant if "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  V.R.C.P. 56(e)(2), (3).

In their motion, Appellants allege that the following facts are undisputed:

1.  Mr. Remaniak owns a 1.43 parcel of land at 18 North Pond Road, in the northeastern shore of Lake Dunmore in the Town of Salisbury, Vermont.

2.  The property is flat and largely cleared of vegetation.  It has 500 feet of frontage on Lake Dunmore.

3.  The property has a two-unit dwelling on it.  This dwelling has a footprint of 1,960 square feet.  It has one-and-a-half stories, and the longest dimension is 44 feet.

4.  Mr. Remaniak rents out this dwelling and does not live in it.

5.  This property is in the Town's Lakeshore I and II Districts.

6.  Mr. Remaniak applied for and received a zoning permit for a 60-foot by 60-foot, two-story garage on the property.

7.  Mr. Remaniak plans to store three personal vehicles in the garage.

8.  Because of the nature Mr. Remaniak's property and the relative size of the garage and house, the 60-by-60-foot garage would be clearly visible from the lake and nearby roads.

The Court will treat these facts as undisputed, given that Mr. Remaniak has not responded to them or disputed them in any way.   See V.R.C.P. 56(e).  Taking these facts in the light most favorable to Mr. Remaniak, we conclude that Mr. Remaniak has not satisfied his burden of demonstrating that the proposed garage is a permitted use in the Lakeshore I and II Districts.  See In re Noyes CU Permit, No. 98-7-11 Vtec, slip op. at 1 (Dec. 12, 2011) (applicants bear the burden in a de novo permit application).

Under the Regulations, there are eight uses permitted by right in the Lakeshore I and II Districts: (1) uses exempt from permitting under Section 3.0.2; (2) one- and two-family dwellings; (3) accessory uses or buildings; (4) seasonal dwellings; (5) accessory dwelling units; (6) childcare homes; (7) group homes; and (8) home occupations.

The only by-right use that might plausibly apply to Mr. Remaniak's garage is an "accessory use or building."[3]  The Regulations define an "accessory use" as, "A structure which is: clearly and customarily related to the existing or proposed primary use or structure of the lot and clearly incidental and subordinate to the primary use or structure of the lot."   Regulations art. VIII. Though the Regulations do not define "accessory building," they do define an "accessory structure," and the Regulations appear to use the two terms interchangeably.   See, e.g., Regulations § 208.1(f).  "Accessory structure" is defined as, "A structure which is: clearly and customarily related to the existing or proposed primary use or structure of the lot and clearly incidental and subordinate to the primary use or structure of the lot."  Regulations art. VIII.

We have interpreted these standard definitions to mean that "an accessory structure . . . can be expected to be less obtrusive to neighbors" than the primary structure.  In re Dufault Variance Application, No. 287-12-07 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Mar. 18, 2009).  Therefore, where a structure visibly dominates a certain property because of its size, its siting, and the property's characteristics, the structure is not "subordinate" to the principal use, and is not an accessory structure.  See, e.g., In re Linnebur Dev. Permit Application, No. 155-7-06 Vtec, slip op. at 5 (Vt. Envtl. Ct. May 2, 2007); In re Sheldrick Bldg. Permit, No. 185-9-07 Vtec, slip op. at 2–8 (Vt. Envtl. Ct. April 23, 2009).

---

[3] None of the exempt uses in Section 3.0.2 of the Regulations could plausibly apply to Mr. Remaniak's proposed garage.

Even taking Appellants' alleged facts in the light most favorable to Mr. Remaniak, his proposed garage would visually dominate his property from both the water on Lake Dunmore and nearby roads. Mr. Remaniak has not offered any facts to the contrary. We therefore conclude that the proposed garage is not an "accessory use or building" under the Regulations, and we **GRANT** summary judgment to Appellants' on their Question 2. Because Mr. Remaniak has not articulated any other permitted use his garage might fall under (and because there is no other use that might plausibly cover his garage), we also conclude that his garage is not a permitted use in the Lakeshore I and II Districts, and we **GRANT** summary judgment to Appellants on their Question 4.

Because Mr. Remaniak does not allege that he has any other approvals for his garage (e.g., a conditional use approval, variance, or waiver), our conclusion that his garage is not a permitted use is dispositive in this appeal. We therefore conclude that Mr. Remaniak is not entitled to a zoning permit for his proposed garage. We **DENY** his permit application, and we **VOID** any Town approvals or permits issued for the proposed garage. A Judgment Order accompanies this Decision. This concludes the matter before the Court.

Electronically signed on June 23, 2016 at 09:33 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division